IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HERBERT SPELLMAN                 :
                                 :
   v.                            :
                                 :
OFFICER BRAD MOMME, et al.       :    CIVIL ACTION NO. 14-3365

MEMORANDUM

Dalzell, J.                                               March 18, 2015

      After charging the jury yesterday in this action under 42 U.S.C. § 1983 regarding a challenged stop by two Philadelphia police officers on September 10, 2013[1], we supplied a Jury Questionnaire with agreed-upon language that, as to each defendant officer, asked the following two questions:

"1.   A)   Do you find that Officer [] seized, searched and detained Herbert Spellman in violation of the Fourth Amendment causing harm to Mr. Spellman?

              _____ Yes        _____ No

      B)   Do you find that Officer [] used unreasonable force against Herbert Spellman in violation of the Fourth Amendment causing harm to Mr. Spellman?

              _____ Yes       _____ No"[2]

      The questionnaire stated in plain English that "[i]f you answered NO to both A and B," the jury should then look to the cognate questions as to the other officer in paragraphs 2A and 2B. On the second page of the questionnaire it provided that "[i]f you answered YES to either A or B or both, proceed to QUESTION C below. If you answered NO to both A and B, the Foreperson should sign and date this verdict sheet and summon Mrs. Adler [the Court's Deputy Clerk]."

---

[1] The jury instructions were the product of this Court's application of the Third Circuit Model Jury Instructions as to such cases.

[2] See Jury Questionnaire questions 1A and 1B and 2A and 2B.

Notwithstanding these clear instructions, the jury nevertheless answered question "D" in the affirmative as to each officer's acting "maliciously or wantonly in violating Mr. Spellman's federally-protected rights", and imposed $10,000 as punitive damages as to each officer.

In light of this manifest confusion, we asked our Deputy Clerk to publish the verdict which she did by reference to the parties' names and recited "you found in favor of the police officers and against plaintiff, so say you all?".  Then, on plaintiff's counsel's request, she polled the jury individually with the litany of "do you agree with the verdict as the Court has recorded it?" and each of the seven deliberating jurors showed no hesitation in agreeing with that verdict. We therefore granted the defendants' motion to enter judgment in accordance with the results of the jury polling that we conducted in accordance with Fed. R. Civ. P. 48(c).

It seemed to us that, notwithstanding the jury's confusion, the law obliged us to grant the defendants' motion to enter judgment, which we did this day.  Although we readily agreed with plaintiff's able counsel that there was an element of unfairness in this, we were nevertheless constrained to apply the law as our Court of Appeals has articulated it in its Model Jury Instructions under this important statute.  We were fortified in our conclusion by the lack of ambiguity as regards the jury's decision <u>not</u> to compensate the plaintiff as to the consequences of what the officers did or did not do to the plaintiff.[3]

We therefore concluded that Judgment should be entered in accordance with the jury's unhesitating conclusion that neither officer "seized, searched and detained Herbert Spellman in violation of the Fourth Amendment causing harm to Mr. Spellman."

BY THE COURT:

 /s/ Stewart Dalzell, J.
Stewart Dalzell, J.

---

[3] <u>See</u> answers to questions 1C and 2C on the questionnaire.